IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| LAUREN O. SEARLS, | * | |
| 18 Creekside Lane | | |
| Rochester, New York 14618 | * | |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | Civil Action No: |
| | | |
| JOHNS HOPKINS HOSPITAL, | * | |
| 600 N. Wolfe Street | | |
| Baltimore, Maryland 21205 | * | |
| Serve on: | | |
| Joanne Pollak, Esquire | * | |
| Resident Agent | | |
| 600 N. Wolfe Street | * | |
| Baltimore, Maryland 21205 | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \*   ooo0ooo   \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Lauren O. Searls, by and through her undersigned counsel, files this complaint against Defendant Johns Hopkins Hospital for violating federal anti-discrimination laws that require it to provide equal opportunity to people with disabilities. She alleges as follows:

### I.     INTRODUCTION

1.     Plaintiff Lauren O. Searls (hereinafter "Ms. Searls") is a July 2012 graduate of the Johns Hopkins University School of Nursing who is deaf and who applied for and was offered employment as a nurse with Johns Hopkins Hospital (hereinafter "JHH").

2.     Despite having offered Ms. Searls a position, JHH refused to hire Ms. Searls solely because she is deaf.

3. Ms. Searls brings this action against Defendant to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112(a) ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794.

4. Ms. Searls seeks declaratory and injunctive relief, compensatory damages, attorneys' fees and costs, and other appropriate equitable and legal relief.

## II.   JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over Ms. Searls' claims under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the unlawful practices complained of herein occurred, and continue to occur, within the District of Maryland.

## III.   PARTIES

7. Ms. Searls is a resident of Rochester, New York. Because she is deaf, Ms. Searls is an individual with a disability within the meaning of Title I of the ADA, as defined by 42 U.S.C. §12102 and Section 504. Because she is able to perform the job for which she applied with a reasonable accommodation, Ms. Searls is a qualified individual with a disability as that term is used in the ADA, 42 U.S.C. § 12111(8), and Section 504.

8. JHH, located at 1800 Orleans Street, Baltimore, Maryland, 21287, is a large, well-known teaching and research hospital with more than fifteen (15) employees and, as such, is an employer covered by 42 U.S.C. § 12111(5)(A). On information and belief, as a large research institution and medical service provider, JHH receives federal financial assistance.

## IV.     FACTUAL CLAIMS

9.     At all times relevant to this action, Ms. Searls was and is a qualified individual with a disability for the purposes of the ADA and Section 504 because she is deaf and is significantly limited in the major life activity of hearing and able to perform the essential functions on the job for which she applied with reasonable accommodation.

10.     Defendant, a teaching and research hospital, is affiliated with the Johns Hopkins University School of Nursing (hereinafter "the School of Nursing").

11.     Ms. Searls graduated from the School of Nursing in July 2012 with a Bachelor of Science Degree in Nursing, where she successfully completed the clinical experience hours required for her nursing degree.

12.     While completing her required clinical experience at JHH, Ms. Searls was provided a full-time sign language interpreter by the School of Nursing.  As a nursing student, Ms. Searls completed two clinical rotations in what is known as the Halstead 8 unit at JHH.

13.     On or about July 25, 2012, Ms. Searls applied for a vacant nursing position at JHH.

14.     On or about August 15, 2012, Ms. Searls interviewed with JHH for a Nurse Clinician I position.

15.     At the August 15, 2012 interview, Ms. Searls was orally offered a position in JHH's Department of Medicine to work in Halstead 8.

16.     On or about August 16, 2012, Ms. Searls received an e-mail offer of employment from JHH and shortly thereafter responded by e-mail accepting the Nurse Clinician I position.

17.     Several days later Ms. Searls received a formal written offer of employment from JHH.

18. On or about August 21, 2012, Ms. Searls reminded JHH that she is deaf and formally requested the services of an American Sign Language interpreter as a reasonable accommodation. JHH advised her to make this request at an occupational health appointment scheduled for August 27, 2012.

19. On or about August 27, 2012, Ms. Searls attended the appointment at the Department of Occupational Health at JHH, at which time she was informed that an ADA Compliance Specialist, Rhodora Osborn, would be in touch with her to discuss her request.

20. Between August 27 and September 6, 2012, Ms. Searls made numerous attempts to reach Ms. Osborn and others at JHH to discuss her accommodations request. Ms. Osborn finally responded on September 6, stating that she needed more time to gather information regarding Ms. Searls' request for accommodations. At no point did Ms. Osborn or anyone else at JHH mention alternative accommodations.

21. Ms. Searls subsequently received a letter from JHH dated September 28, 2012, stating that it regrets "to inform [Ms. Searls] that we are unable to provide the interpreter services." The letter further said that JHH was "unable to provide the accommodation because of its effect on the resources and operation of the department."

22. The letter concludes, "As a result of this decision [that JHH will not provide an interpreter], we must rescind the offer of employment."

23. On or about January 14, 2013, Ms. Searls filed a Charge of Discrimination with the Maryland Commission on Civil Rights, alleging discrimination under Title I of the Americans with Disabilities Act.

24. On or about February 25, 2014, the parties met at the EEOC's Buffalo, New York regional office to mediate the matter but failed to reach agreement on a settlement.

25. On or about June 25, 2014, the EEOC issued a right to sue letter to Ms. Searls in this matter. Ex. 1.

## COUNT ONE
### *Violation of Title I of the Americans with Disabilities Act*
### (42 U.S.C. § 12112)

26. Plaintiff incorporates by reference all the allegations of facts maintained in the previous paragraphs.

27. Because her deafness substantially limits the major life activity of hearing, Ms. Searls is a person with a disability under the ADA.

28. Ms. Searls also has a record of being deaf.

29. Ms. Searls is qualified for the position of Nurse Clinician I because she could have, with reasonable accommodation, performed the essential functions of the position. Ms. Searls performed the essential functions of the position JHH offered her when she participated in clinical rotations at JHH as a student at the School of Nursing.

30. JHH rescinded Ms. Searls' offer of employment because she is deaf.

31. JHH's failure or refusal to provide Ms. Searls with accommodations violated Title I of the ADA.

32. JHH's rescission of its offer based on Ms. Searls' need for accommodation violated Title I of the ADA.

33. JHH's decision to rescind Ms. Searls' offer of employment without suggesting any alternative accommodation violated Title I of the ADA.

## COUNT TWO
*Violations of Section 504 of the Rehabilitation Act*
**(29 U.S.C. § 794,** *et seq.***)**

34.     Plaintiff incorporates by reference all the allegations of facts maintained in the previous paragraphs.

35.     Section 504 of the Rehabilitation Act mandates that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).

36.     Section 504 defines "program or activity," in pertinent part, as "(3) an entire corporation, partnership, or other private organization, or an entire sole proprietorship . . . which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation . . . *id.* § 794(b)(3)(A).

37.     JHH participates in the Maryland Medical Assistance Program, receives federal grants and other financial assistance, and is in the business of providing healthcare, thereby subjecting itself to the requirements of Section 504.

38.     As discussed above, Ms. Searls is deaf and is qualified for a position as a Nurse Clinician I.  She is therefore a qualified individual with a disability under Section 504.

39.     JHH has, solely by reason of her disability, excluded Ms. Searls from participation in, denied her the benefits of, and otherwise discriminated against her in its facilities, services, programs, or activities.

40.     JHH's actions constitute intentional discrimination on the basis of a disability in violation of Section 504, in that JHH knowingly rescinded Ms. Searls' employment offer because it did not wish to accommodate her deafness.

6

41.     The actions by JHH were done intentionally or with deliberate indifference to Ms. Searls' protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lauren O. Searls respectfully requests that this Court enter a judgment:

1. Declaring that Defendant has discriminated against Ms. Searls on the basis of her disability with a reasonable accommodation in violation of the ADA and Section 504;

2. Awarding compensatory damages;

3. Awarding reasonable attorneys' fees and costs; and

4. Awarding such other and further relief as it deems necessary, just, and proper.

Dated:  September 19, 2014            Respectfully submitted,

    /s/
Joseph B. Espo (Fed. Bar No. 07490)
Laura Ginsberg Abelson (Fed. Bar No. 29363)
BROWN, GOLDSTEIN & LEVY LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland  21202
T:  (410) 962-1030
F:  (410) 385-0869
jbe@browngold.com
labelson@browngold.com

H. Larry Vozzo (*pro hac vice* admission
  to be sought)
Michael A. Schwartz (*pro hac vice* admission
  to be sought)
AXA Tower I, 17th Floor
100 Madison Street
Syracuse, New York  13202
T:  (315) 476-2191

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff Lauren O. Searls demands a trial by jury on all causes of action so triable.

                                                  /s/
                                          Joseph B. Espo