IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAUREN O. SEARLS | * |
| Plaintiff, | * |
| v. | *   Civil Action No.: 1:14-cv-02983-CCB |
| JOHNS HOPKINS HOSPITAL | * |
| Defendant. | * |

* * * * * * * * * * * * *

## DEFENDANT THE JOHNS HOPKINS HOSPITAL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF LAUREN O. SEARLS'S COMPLAINT

Defendant The Johns Hopkins Hospital ("JHH") hereby files its Answer and Affirmative Defenses to Plaintiff Lauren O. Searls's Complaint and states:

### I.     INTRODUCTION

1. JHH denies as phrased the allegations in Paragraph 1. JHH avers that it made a contingent job offer to Plaintiff.

2. JHH denies the allegations in Paragraph 2.

3. JHH denies the allegations in Paragraph 3.

4. JHH denies the allegations in Paragraph 4.

### II.     JURISDICTION AND VENUE

5. The allegations in Paragraph 5 state legal conclusions to which a response is not required.

6. The allegations in Paragraph 6 state legal conclusions to which a response is not required.

### III.     PARTIES

7. JHH does not have sufficient information to either admit or deny the allegations

in the first sentence of Paragraph 7.  The allegations in the second sentence of Paragraph 7 state legal conclusions to which a response is not required.  JHH denies the allegations in the third sentence of Paragraph 7.

      8.      The allegations in Paragraph 8 state legal conclusions to which a response is not required.

### IV.    FACTUAL CLAIMS

      9.      JHH denies the allegations in Paragraph 9.

      10.      The allegations in Paragraph 10 state legal conclusions to which a response is not required.

      11.      JHH admits the allegations in Paragraph 11.

      12.      JHH does not have sufficient information to either admit or deny the allegations in the first sentence of Paragraph 12.  JHH admits the allegations in the second sentence of Paragraph 12.

      13.      JHH admits the allegations in Paragraph 13.

      14.      JHH admits the allegations in Paragraph 14.

      15.      JHH denies the allegations in Paragraph 15.

      16.      JHH admits it made a contingent job offer to Plaintiff and Plaintiff accepted.  JHH denies the remaining allegations in Paragraph 16.

      17.      JHH does not have sufficient information to either admit or deny the allegations in Paragraph 17.  JHH avers that it made a contingent job offer to Plaintiff.

      18.      The allegations in the first sentence of Paragraph 18 state legal conclusions to which a response is not required.  JHH denies as phrased the allegations in the second sentence of Paragraph 18.

19. JHH admits the allegations in Paragraph 19.

20. JHH does not have sufficient information to either admit or deny the allegations in the first sentence of Paragraph 20.  JHH admits the allegations in the second sentence of Paragraph 20.  JHH denies the allegations in the third sentence of Paragraph 20.

21. JHH admits the allegations in Paragraph 21.

22. JHH denies as phrased the allegations in Paragraph 22.  JHH avers the letter stated JHH rescinded the offer of employment.

23. JHH admits the allegations in Paragraph 23.

24. JHH denies as phrased the allegations in Paragraph 24.  JHH avers it and Plaintiff engaged in mediation via video conference between Baltimore, MD and Buffalo, NY.

25. JHH admits the allegations in Paragraph 25.

## COUNT ONE
*Violation of Title I of the Americans with Disabilities Act*
**(42 U.S.C. § 12112)**

26. JHH incorporates all Paragraphs as though fully set forth herein.  JHH denies the remaining allegations in Paragraph 26.

27. The allegations in Paragraph 27 state legal conclusions to which a response is not required.

28. The allegations in Paragraph 28 state legal conclusions to which a response is not required.

29. JHH denies the allegations in Paragraph 29.

30. JHH denies the allegations in Paragraph 30.

31. JHH denies the allegations in Paragraph 31.

32. JHH denies the allegations in Paragraph 32.

33. JHH denies the allegations in Paragraph 33.

## COUNT TWO
### *Violations of Section 504 of the Rehabilitation Act*
### **(29 U.S.C. § 794, et seq.)**

34. JHH incorporates all Paragraphs as though fully set forth herein. JHH denies the remaining allegations in Paragraph 34.

35. The allegations in Paragraph 35 state legal conclusions to which a response is not required.

36. The allegations in Paragraph 36 state legal conclusions to which a response is not required.

37. The allegations in Paragraph 37 state legal conclusions to which a response is not required.

38. JHH denies the allegations in the first sentence of Paragraph 38. The allegations in the second sentence of Paragraph 38 state legal conclusions to which a response is not required.

39. JHH denies the allegations in Paragraph 39.

40. JHH denies the allegations in Paragraph 40.

41. JHH denies the allegations in Paragraph 41.

## PRAYER FOR RELIEF

Wherefore JHH prays that this Court enter judgment against Plaintiff on each Count and:

A. JHH denies that Plaintiff is entitled to any of the relief requested within her prayer for relief and subparagraphs (1) through (4) incorporated therein.

B. JHH asks the Court to grant it such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. JHH denies any allegations not otherwise admitted or responded to above.

2. Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her alleged damages.

3. At all times, JHH acted in good faith.

4. At all times, JHH acted for legitimate, non-discriminatory reasons.

6. JHH denies that Plaintiff has incurred any injuries or damages.

7. Plaintiff's request for reasonable accommodation(s) posed an undue burden and/or hardship on JHH.

8. JHH has not violated any State or Federal laws with respect to Plaintiff's hiring.

9. Plaintiff was not a qualified individual with a disability.

10. Plaintiff could not perform the essential functions of the job.

11. Plaintiff was a direct threat to the health and/or safety of herself and/or others.

12. No reasonable accommodation(s) would permit Plaintiff to perform the essential functions of the job.

13. JHH offered Plaintiff reasonable accommodation(s) that Plaintiff rejected.

14. Plaintiff is not entitled to compensatory damages.

15. JHH did not discriminate against Plaintiff.

16. Plaintiff is not entitled to the damages or relief requested, or any relief or remedy whatsoever.

JHH hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of this litigation and, thus, reserves its right to amend this Answer and Affirmative Defenses.

          Respectfully Submitted,
          /s/
          John M. Gilman
          Fed. Bar. No. 27358
          jgilman6@jhmi.edu
          The Johns Hopkins Health System Legal Department
          5801 Smith Avenue
          McAuley Hall, Suite 310
          Baltimore, MD 21209
          P 410-735-6662
          F 410-735-6525
          **Attorneys for Defendant The Johns Hopkins Hospital**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 10, 2014, a copy of the foregoing Answer and Affirmative Defenses was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

          /s/
          John M. Gilman